1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

Case No. 1:14-CV-00286-JPH

STEPHANIE SUZANNE MININGER,

Plaintiff,

vs.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

Defendant.

ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY
JUDGMENT

16

17

18

19

20

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No.
14, 19. Attorney David Lybbert represents plaintiff (Mininger). Special Assistant
United States Attorney Jeffrey McClain represents defendant (Commissioner). The
parties consented to proceed before a magistrate judge. ECF No. 6. After reviewing
the administrative record and the briefs filed by the parties, the court **grants**

ORDER ~ 1

defendant's motion for summary judgment, ECF No. 19.

## JURISDICTION

Mininger protectively applied for supplemental security income disability benefits (SSI) on May 10, 2010, alleging onset on April 27, 2008 (Tr. 133-36). The claim was denied initially and on reconsideration (Tr. 78-85, 89-93). Administrative Law Judge (ALJ) James W. Sherry held a hearing April 19, 2013. Mininger, represented by counsel, and a vocational expert testified (Tr. 41-75).  On May 16, 2013, the ALJ issued an unfavorable decision (Tr. 20-34). The Appeals Council denied review July 29, 2014 (Tr. 1-6 ), making the ALJ's decision final. On August 29, 2014 Mininger filed this appeal pursuant to 42 U.S.C. §§ 405(g). ECF No. 1, 4.

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

Mininger was 37 years old when she applied for benefits and 40 at the hearing. She stopped school in the eighth grade but earned a GED. Mininger has worked as a cashier, cocktail waitress, housekeeper/cleaner, inventory counter and warehouse worker. She last worked in 2009 and lives with a friend. Mininger alleges physical and mental limitations (Tr. 33, 46, 48-49, 52-54, 65-67, 146-47).

**SEQUENTIAL EVALUATION PROCESS**

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404. 1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medially severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments,

the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work that plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) is considered. If plaintiff cannot perform past relevant work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a mental or physical impairment prevents the

performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

## STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a

whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one the ALJ found Mininger did not work at SGA levels after she applied for benefits  (Tr. 22).  At steps two and three, he found Mininger suffers from depressive disorder/dysthymia with anxiety and endometriosis/pelvic adhesions, impairments that are severe but do not meet or medically equal a Listed impairment  (Tr. 22). The ALJ found Mininger less than credible (Tr. 29). He found

Mininger is able to perform a range of light work  (Tr. 32-33).  At step four, relying on a vocational expert, ALJ Sherry found Mininger is able to perform her past relevant work as a cashier II  and housekeeper/cleaner (Tr. 33, 69). Alternatively, at step five, the ALJ found Mininger can perform other jobs, such as cashier, production inspector and hand packager  (Tr. 34, 69-71). Accordingly, the ALJ found Mininger is not disabled as defined by the Act  (Tr. 34).

**ISSUES**

Mininger alleges the ALJ erred when he evaluated the medical evidence and credibility, and at step five. ECF No. 14 at 10. The Commissioner responds that the ALJ's findings are factually supported and free of harmful legal error. She asks the court to affirm. ECF No. 19 at 2.

**DISCUSSION**

*A. Credibility*

Mininger alleges the ALJ's credibility assessment is not properly supported. ECF No. 14 at 10, 16-19.

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190,  1195 (9th Cir. 2004)(citation omitted). The ALJ's credibility findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Absent affirmative evidence of malingering, the ALJ's reasons for

rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Leste*r, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ's finding is fully supported.

Treating and examining sources note noncompliance with taking prescribed estrogen (Tr. 27, referring to Tr. 272; *see also* Tr. 340). Mininger "discharged herself" from the hospital against medical advice (Tr. 27, 266). Daily activities suggest greater functional capacity than Mininger's testimony describes. The ALJ notes Mininger does laundry, vacuums, shops, loads the dishwasher, uses a computer, drives and prepares simple meals (Tr. 30-31, 169-70, 173, 177). This is inconsistent with the degree of limitation alleged.

There are several unexplained gaps in treatment, suggesting limitations were not as severe as alleged (Tr. 28, citing 284-89: treatment notes January and February 2013, and 344-51: treatment notes April and May 2012). Treatment has largely consisted of physical therapy and other conservative measures (Tr. 29-30, citing Tr. 214, 234, 275, 287-88, 295, 302, 313, 340-41, 344-45, 363-370).

Although lack of supporting medical evidence cannot form the sole basis for discounting pain testimony, it is a factor the ALJ can consider when analyzing

credibility. *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005). Subjective complaints contradicted by medical records and by daily activities are properly considered. *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008); *Thomas v. Barnhart,* 278 F.3d 947, 958-59 (9th Cir. 2002). An ALJ may consider unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment. *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008)(citation omitted). Evidence of conservative treatment is sufficient to discount a claimant's testimony regarding the severity of an impairment. *Parra v. Astrue*, 481 F.3d 742, 750-51 (9th Cir. 2007).

The ALJ's credibility assessment is supported by the evidence and free of harmful error.

### B. Medical evidence

Next, Mininger alleges the ALJ failed to properly credit the opinions of some treating and examining professionals. ECF No. 14 at 12-16. She points to the opinions of Austen Stasiak, M.D., Aaron Burdge, Ph.D., and Susan Harp, ARNP. The Commissioner responds that, to the extent he rejected the first two opinions,  the ALJ gave specific and legitimate reasons for rejecting the first two opinions, and germane reasons for rejecting Ms. Harp's,  contradicted opinions. ECF No. 19 at 8-13.

The ALJ reasons are proper and supported by substantial evidence.

Notably, Dr. Stasiak's first record is in 2013, while onset is alleged in April 2008 (Tr. 287). In March 2013 he opined Mininger can perform light work. He recommended physical, occupational and behavioral therapy (Tr. 369). The ALJ accepted his RFC for light work because it was consistent with the overall weight of the evidence (Tr. 31, 355).

The ALJ is correct. In May 2010 treating doctor Krishna Chand, M.D., notes Mininger is doing very well on medications prescribed for GERD. After Mininger undergoes a diagnostic EGD/colonoscopy, Dr. Chand reviews the results and advises dietary and lifestyle modifications for GERD symptoms (Tr. 213). Mininger's regular physician, Leonel Zolessi, M.D., notes tests show no colonic disease and no colonic endometriosis, only a hiatal hernia (Tr. 230). When Mininger sees Dr. Zolessi in March 2010, she takes advil for pain (Tr. 234). Following surgery to remove adhesions in July 2010, treating doctor Zolessi notes "significant improvement in symptoms" (Tr. 261, 265).  By September 2010 Dr. Zolessi states Mininger is noncompliant with taking prescribed   estrogen (Tr. 272). In 2013 Dr. Stasiak observes Mininger is well appearing, well- nourished, in no apparent distress and well groomed (Tr. 284-85).

The ALJ did not err when he weighed Dr. Stasiak's opinion.

The ALJ rejected Dr. Burdge's opinion because it is contradicted by other evidence, including the opinion of another examining psychologist, Mark Duris,

ORDER ~ 10

Ph.D. (Tr. 31-32; Tr. 340-43, 372-76). In April 2012 Dr. Duris opined testing showed depression was not at sufficiently high enough levels and/or did not present the type of depressive symptoms that would likely prevent work or the ability to sustain work. Mininger took no medications (Tr. 340-42).

About a year later, Dr. Burdge assessed several marked and a severe limitation, yet some of his own testing showed moderate depression and normal anxiety; moreover, the PAI results were invalid (Tr. 32, 373-80).

The ALJ's reasons are specific, legitimate and supported by the record. An ALJ may properly reject any opinion that is brief, conclusory and inadequately supported by clinical findings. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Opinions that are internally inconsistent may properly be given less weight. *See Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999). To the extent the ALJ erred in considering that the purpose of the exam was public assistance eligibility, any error is clearly harmless because the remaining reasons are specific, legitimate and supported by substantial evidence. *See Carmickle v. Comm'r Soc. Sec. Admin.,* 533 F.3d 1155, 1162 (9th Cir. 2008); *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

The ALJ gave Ms. Harp's December 2010 opinion little weight in part because it is inconsistent with her own examination results and appears based on Mininger's unreliable self-report (Tr. 32, 276-77, 338-39). As a non-acceptable

medical source, Ms. Harp's opinion need only be rejected by germane reasons. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). Here, the ALJ's reasons are at least germane. Harp's exam notes the examination is normal, Mininger is well developed and well nourished. Mininger was instructed to use fiber laxatives daily to prevent constipation (Tr. 277). Although Harp opines Mininger is limited in sitting, standing and lifting, the ALJ is correct that her notes do not show any objective evidence finding Plaintiff is so limited (Tr. 32, 276-77, 338-39). Moreover, Harp opines such limitations are of "unknown" duration (Tr. 338).    Although the ALJ again relied in part on the purpose of the exam (evaluation for public assistance eligibility) (Tr. 32), any error is clearly harmless since the ALJ's other reasons are at least germane.

### C. Step five

Mininger alleges the ALJ erred at step five by presenting an incomplete hypothetical. ECF 14 at 19-20. However, step five was an *alternate finding*. The ALJ found at step four Mininger is able to perform her past work as a cashier (Tr. 33). There was no error in this finding. *Tommasetti v. Astrue*, 533 F.3d 1035, 1044 (9th Cir. 2008).

Moreover, as the Commissioner correctly points out, one does not establish error at step five by rearguing that the ALJ erroneously weighed the medical evidence. ECF No. 19 at 14. Mininger alleges the ALJ should have included marked

and moderate limitations assessed by Dr. Burge. And she cites Ms. Harp's opinion that frequent bathroom breaks are needed, as limitations the ALJ improperly omitted (Tr. 339). These are the same arguments that the ALJ failed to properly weigh Dr. Burge's and Ms. Harp's opinions.

Because the ALJ appropriately included the limitations supported by the record, there was no harmful error.

Mininger alleges the ALJ should have weighed the evidence differently, but the ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett,* 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

The ALJ's determinations are supported by the record and free of harmful legal error.

**CONCLUSION**

After review the Court finds the ALJ's decision is supported by substantial evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 19**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 14, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 18th day of June, 2015.

*S/ James P. Hutton*

JAMES P. HUTTON
UNITED STATES MAGISTRATE JUDGE

ORDER ~ 14